**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL R. HENDERSON,

Plaintiff

v.

CALVIN JOHNSON, et al.,

Defendants

Case No.: 3:25-cv-00366-ART-CSD

**Order**

Re: ECF No. 19

Plaintiff has filed a request for the clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 19.) Defendants Jeremy Bean, Brian Williams, Julie Williams, Ronald Oliver, Steve Sisolak, Charles Daniels, Calvin Johnson, Harold Wickham, and James Scally have filed a response. (ECF No. 22.)

## I. BACKGROUND

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment conditions of confinement claim about regulations/policies/protocols that prevented Plaintiff from adequate access to outdoor exercise at High Desert State Prison (HDSP) against the above-named Defendants as well as Board of Prison Commissioner and President Joseph Lombardo. (ECF No. 3.) The case was stayed to allow the parties to participate in an early mediation conference (EMC). The parties participated in the EMC on April 3, 2026, but they were not successful in reaching a settlement. (ECF No. 9.)

On April 6, 2026, the court issued an order directing the Attorney General's Office to file a notice indicating whether it would accept service on behalf of the named defendants, and file under seal the address of any defendant for whom service was not accepted. For those defendants for whom service was accepted, an answer was to be filed by June 5, 2026. (ECF No. 10.)

On April 27, 2026, the Attorney General's Office filed a notice accepting service for all Defendants except Lombardo and filed his last known address under seal. (ECF Nos. 13, 14.) On April 28, 2026, the court directed the Clerk to issue a summons for Lombardo to send to the U.S. Marshal for service. (ECF No. 16.) The summons for Lombardo was returned on May 7, 2026. The return indicates that Lomardo was served by providing Leslie Burrows with the summons and complaint at the Governor's office. (ECF No. 18.)

No answer was filed by any of the Defendants, and on July 28, 2026, Plaintiff filed a motion for entry of Clerk's default. (ECF No. 19.)

On August 10, 2026, all Defendants except Lombardo filed an answer. (ECF No. 20.) On The next day, these defendants filed a response to the motion for entry of clerk's default, arguing good cause exists not to enter clerk's default, asserting counsel inadvertently failed to timely file an answer, there will be no prejudice to Plaintiff as these Defendants have now appeared, and they have a meritorious defense to this action.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

The Clerk has not yet entered default, and at this juncture, all Defendants other than Lombardo have now appeared and answered. Therefore, it is not appropriate for the Clerk to enter default for those Defendants.

With respect to defendant Lombardo, it does not appear he has been properly served. Service was made by delivering the summons and complaint to a person at the Governor's Office. Plaintiff is suing Joseph Lombardo insofar as he is the President of the Board of Prison Commissioners, and states he is suing all defendants in both their official and individual capacities. (ECF No. 4 at 2.)

Insofar as Plaintiff is suing Lombardo in his individual capacity, under Federal Rule of Civil Procedure 4(e), an individual may be served by:

> (1) following state law for serving a summons … in the state where the district court is located or where service is made;
>
> (2) doing any of the following:
>
> (A) delivering a copy … to the individual personally;
>
> (B) leaving a copy … at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy … to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Nevada allows for service of an individual by the same methods. Nev. R. Civ. P. 4.2(a)(1).

Lombardo was not properly served as an individual.

Insofar as Lombardo is sued in his official capacity, under Federal Rule of Civil Procedure 4(j)(2), a copy of the summons and complaint must be delivered to the chief executive officer or service must be completed in the manner permitted by the state. To serve the state

officer who is sued in his or her official or individual capacity, a copy of the summons and complaint must be delivered to the Attorney General and to the current or former public officer or employee or an agent designated by him or her to receive service of process.

It does not appear that a copy of the summons and complaint were delivered to the Attorney General in Carson City or that Lombardo was given a copy of the documents.

As such, entry of Clerk's default as to Lombardo is premature. The court will discuss an extension of the deadline to serve Lombardo at the September 9, 2026 status conference.

## III. CONCLUSION

Plaintiff's motion for entry of Clerk's default (ECF No. 19) is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 12, 2026

Craig S. Denney
United States Magistrate Judge